GEORGE A. SELIGE, v. LUCILE T. SELIGE.

184 So. 667.

Division A.

Opinion Filed October 25, 1938.

Rehearing Denied December 8, 1938.

*Carl T. Hoffman, L. L. Robinson, R. O. Cullen* and *W. H. Burwell,* for Appellant;

*Dunbar H. Johnson, Jr.,* for Appellee.

TERRELL, J.—Defendant in Error, as Complainant, exhibited her bill of complaint in the Circuit Court of Dade County praying for separate maintenance and other relief. Appellant, as defendant, filed his answer and counter claim in which he admitted the marriage and other material allegations of the bill but prayed for divorce on various and sundry statutory grounds. Complainant moved to dismiss the counter claim and for maintenance and attorneys' fees *pendente lite.* On final hearing, the counter claim was dismissed, the complainant was awarded thirty dollars per week for support and maintenance and was permitted to occupy the residence located at 555 North east 57th Street, Miami, Florida, as her home and abode. Defendant was required by the decree to keep the mortgage encumbering said property paid and in good standing and in default thereof, plaintiff was given leave without additional showing, to apply for an increase of the weekly allowance. The decree also awarded Complainant $400 attorneys' fees and court costs incurred by her in the litigation. This appeal is from that incurred by her in the litigation. This appeal is from that decree.

It is first contended that the residence located at 555 North east 57th Street is the property of a third party; to-wit, Miami Baking Company, not a party to this cause, and being so, the court was without power to decree the Complainant the right to reside therein as part of her maintenance and support.

This contention is unquestionably true as to property actually owned and controlled by third parties or as to property in which third parties have a dominant or controlling interest but in this case, while the record disclosed that Miami Baking Company is the nominal owner of the residence located at 555 North east 57th Street, it is also shown that the major portion of the stock in Miami Baking Company is owned by Appellant and that consequently he owns the major interest in said residence. For this reason, the position of Appellant on this point is not well taken as to the interest of appellant but as to the interest of others, the decree cannot operate.

We think that the alternative feature of the decree in this case was erroneous in that it leaves Appellant in doubt as to his status. The court should have taken into consideration all factors affecting the rights of the parties and indicated what he considered a reasonable amount which should have been added to the weekly allowance in lieu of the occupancy of the residence by Appellee.

Considered in the light of the record and the briefs, the judgment appealed from has the appearance of being extremely liberal to the Appellee. She is given thirty dollars per week, a comfortable home in which to live, and four hundred dollars attorneys' fees with cost of the litigation. The home is encumbered with a $4600 mortgage with other charges which Appellant is required to carry and there is only one child in the family which he takes to rear and educate. It appears further that the home awarded the Appellee is large enough to and that she is actually taking care of several of her family connections which Appellant is in no sense responsible for. It is shown that Appellant has a contract for a substantial salary but the contract is contingent and the extent to which it is paid is not certain.

All these factors should be considered and judgment rendered accordingly. If the judgment is in the alternative, it should be definite and certain as to both alternative and leave neither party in doubt as to his status. The decree against defendant should be clear and specific in all respects as to what is required of him. The judgment appealed from is therefore affirmed but with directions that it be modified to accord with the views expressed in this opinion.

Affirmed with directions.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and BUFORD, J., concur specially.

BUFORD, J. (concurring specially).—I concur in the views expressed in the opinion prepared by Mr. Justice Terrell, but think that it should be more clearly stated that we do not approve the final decree as written because the alternative left to be exercised by the appellant involves so much uncertainty that he is really left without knowledge as to what his exercise of the option will bring about. The decree is defective for want of certainty and, therefore, should be reformed.

ELLIS, C. J., concurs.

### ON PETITION FOR REHEARING.

PER CURIAM.—We are confronted with a petition for rehearing from both sides. They are predicated largely on allegations to the effect that the main opinion leaves the parties in doubt as to how they should proceed. The opinion may be subject to this criticism but if it is, it is not out of place to say that the facts controlling our conclusion as set up in the record, were so indefinite and inconclusive in statement and proof we could not be more specific. We

read and reread the record and briefs and were never quite certain what was proven and decided below.

We were not certain what appellant's income amounted to, the exact amount of his interest in the residence occupied by Appellee, nor are we yet certain as to other material factors. We did not think the weekly allowance was exorbitant but in view of the mortgage on the house, the fact that Appellant became responsible for the child, was therefore required to provide for two families, and that Appellee had no dependents, that Appellant was responsible to support the allowance of the home as a residence with no finding of its value as such might have been exorbitant. There should have been a definite finding of all these factors. Such was not the case and it was not shown that they were before the chancellor when he rendered his judgment as they should have been.

Both rehearings are denied.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.